UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald R. Wilburn,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-644

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Donald R. Wilburn ("Plaintiff") applied for a period of disability, disability insurance benefits, and supplemental security income benefits but was denied both initially and upon reconsideration. He moved for a hearing before an administrative law judge ("ALJ") who ultimately denied benefits. The Appeals Council declined review of that decision, and Plaintiff appealed to this Court.

Upon consideration of Plaintiff's Statement of Specific Errors and the briefing thereon, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 11. Plaintiff objects. Obj., ECF No. 12.

Magistrate Judge Vascura issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the

R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff objects to the R&R, arguing that the ALJ failed to provide good reasons supported by substantial evidence for giving less than controlling weight to the opinions of Plaintiff's treating psychiatrist, Dr. Zana Dobroshi ("Dr. Dobroshi"). Specifically, Plaintiff contends the ALJ stated in a conclusory manner that Dr. Dobroshi's opinions were inconsistent with and unsupported by the record evidence but failed to articulate specifically *how* the evidence cited in the opinion was inconsistent with or undermined Dr. Dobroshi's opinions. Obj. 2, ECF No. 12. Relatedly, Plaintiff argues there is no support for the ALJ's statement that Dr. Dobroshi's opinions were primarily based on Plaintiff's subjective complaints. *Id.* at 3.

The good reasons rule "is not a procrustean bed, requiring an arbitrary conformity at all times." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010). Rather, "[i]f the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused." *Id.* The good reasons requirement is satisfied "when the 'supportabilty' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Id.* (citations omitted).

Upon *de novo* review, the Court finds the ALJ articulated good reasons for assigning little weight to Dr. Dobroshi's opinion that Plaintiff would miss more than four days of work per month.

First, as the ALJ notes, at the time she wrote her opinion, Dr. Dobroshi had been Plaintiff's treating psychiatrist for only three months, examining Plaintiff once each of those months for 30-45 minutes at a time.  ALJ Dec. 13, ECF No. 6-2 at PAGEID # 47; Ex. 28F, ECF No. 6-9 at PAGEID ## 719–20.  The ALJ was entitled to rely on this fact as a basis for according it less weight.  20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.  *When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment*, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source" (emphasis added)).  This is especially so given that the period of Dr. Dobroshi's treating relationship "include[ed] periods when the claimant[']s symptoms were occurring when [he] was not entirely compliant with treatment recommendations."  ALJ Dec. 12, ECF No. 6-2.

Second, the ALJ also noted that Dr. Dobroshi's opinion seems to be based on Plaintiff's subjective complaints and that the ALJ did not find Plaintiff wholly reliable as a reporter of symptoms and limitations.  ALJ Dec. 12–13, ECF No. 6-2.  Dr. Dobroshi noted that Plaintiff suffered from "severe mood lability, very poor

impulse control, inability to sleep, auditory and visual hallucinations, paranoid delusions," which were present only when Plaintiff was "not treated adequately." Ex. 28F, ECF No. 6-9 at PAGEID # 720.  The ALJ did not err in concluding that these opinions were based on Plaintiff's subjective complaints as Dr. Dobroshi's treatment notes themselves relate Plaintiff's subjective statements.  Ex. 27F, ECF No. 6-9 at PAGEID ## 717–18.  And the ALJ adequately explained why the Plaintiff was an unreliable reporter of symptoms and limitations.  ALJ Dec. 6–7, 10–11, ECF No. 6-2 at PAGEID ## 40–41, 44–45.

Third, the ALJ's discussion of Plaintiff's mental impairments at pages 10–11 of the opinion indirectly attack Dr. Dobroshi's opinion that Plaintiff's prognosis was guarded and that Plaintiff would be absent from work at least four days a month by showing that Plaintiff responded well to treatment and "that the medications have been relatively effective in controlling [Plaintiff's] symptoms when he maintained compliance with taking them as prescribed."  *See* ALJ Dec. 10–11, ECF No. 6-2 at PAGEID ## 44–45.

The Undersigned therefore agrees with the Magistrate Judge that the ALJ provided good reasons for the weight he assigned to Dr. Dobroshi's opinion. Plaintiff's objection is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**.

The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

    */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**